68 F.3d 1529
 131 Lab.Cas. P 11,438, 11 IER Cases 279
 Jose GONZALEZ, Russell Carpino and George Johnson,
Individually and on Behalf of all Other Persons
Similarly Situated, Plaintiffs,
William Martin and Joe Velez, Plaintiffs-Appellants,
v.
AMR SERVICES CORPORATION, a Subsidiary of AMR Corporation,
Defendant-Appellee.
 No. 273, Docket 95-7283.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 25, 1995.
Decided Oct. 31, 1995.
 
 Richard M. Greenspan, Law Offices of Richard M. Greenspan, P.C., Ardsley, N.Y., for Plaintiffs-Appellants.
 Edward A. Brill, Proskauer, Rose, Goetz & Mendelsohn, New York City, for Defendant-Appellee.
 Before: FEINBERG, OAKES and CALABRESI, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs William Martin and Joe Velez appeal from a decision of the United States District Court for the Eastern District of New York (Jack B. Weinstein, Senior Judge), granting summary judgment in favor of their former employer, defendant AMR Services Corporation ("AMR"), in an action brought pursuant to the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. Secs. 2101-2109. 877 F.Supp. 108 (E.D.N.Y.1995). According to the plaintiffs, the district court erred in determining that certain employees who were immediately transferred to new positions within AMR after the closing of their department suffered no "employment loss," and that the advance-notification provisions of the WARN Act were accordingly not triggered.
 
 
 2
 We will recount the facts only briefly. After AMR decided to eliminate its in-house security department at John F. Kennedy Airport, it notified all 91 security employees that they had been "surplussed." AMR sent them each a notice that read:
 
 
 3
 I regret to inform you that you have been declared surplus from your present position as a result of the elimination of the security department....
 
 
 4
 . . . . .
 
 
 5
 Your final day of work in this position will be Monday, May 31, 1993, but you will be paid through Friday, June 4, 1993.
 
 
 6
 According to AMR's internal "Reduction in Force/Recall Policy" ("RIF policy"), surplussed employees "may fill existing vacancies in the same or other job classifications in the system." The policy further provides that "[q]ualified employees will be interviewed for position(s). It is management's discretion to offer or not offer the position." Employees that do not receive other jobs at AMR "will be subsequently laid-off." Eighteen of the security department's 65 full-time employees were placed into other AMR jobs pursuant to the RIF policy and began their new jobs by Monday, June 7, 1993--missing no days of pay.
 
 
 7
 The plaintiff employees brought this class action suit, alleging that AMR failed to notify its security workers of the departmental shut-down 60 days in advance, as required by the WARN Act. After discovery, the parties cross-moved for summary judgment. The parties agreed that the relevant facts were not in dispute, and that the determinative legal issue was whether more than 50 full-time workers had suffered an "employment loss," thus triggering the WARN notification requirements. See 29 U.S.C. Sec. 2101(a)(3) (defining a "mass layoff" triggering the WARN Act as a "reduction in force which ... is not the result of a plant closing; and ... results in an employment loss at the single site of employment during any 30-day period for ... at least 33 percent of the [full-time] employees ... and at least 50 [full-time] employees...."). According to the plaintiffs, all 65 full-time employees had been immediately "terminated" when they were notified that they had been "surplussed." AMR responded that only 47 of those workers had been terminated, since the 18 transferred workers remained on the AMR payroll with no loss of pay, seniority or benefits and with no break in service.
 
 
 8
 In a thorough opinion, Judge Weinstein determined that the eighteen transferred employees had suffered no "employment loss" within the meaning of the WARN Act. He accordingly granted summary judgment in favor of AMR. Relying primarily on a decision of the Court of Appeals for the Third Circuit, Judge Weinstein applied a "practical, effects-driven analysis of whether a break in employment actually occurred" to trigger the notification requirements of the WARN Act. 877 F.Supp. at 113 (citing Moore v. Warehouse Club, Inc., 992 F.2d 27, 30 (3d Cir.1993) (finding no employment loss where transfer offers were extended on date of plant closing)); see also id. (citing Headrick v. Rockwell Int'l Corp., 24 F.3d 1272, 1279-80 (10th Cir.1994) (reviewing district court decision finding no employment loss where employees were technically rehired just a "millisecond" after termination)).
 
 
 9
 We agree with Judge Weinstein's analysis of these issues. Accordingly, after consideration of all the arguments put forward by the plaintiffs, we affirm the grant of summary judgment substantially for the reasons stated in the district court's opinion. See Martin v. AMR Servs. Corp., 877 F.Supp. 108 (E.D.N.Y.1995).